McKinney, J.,
delivered the opinion of the Court.
The complainant is administrator of the estate of Mary Ann Clark, f deceased. Said Mary Ann died during her minority, intestate, and without issue, never having been married, and leaving neither father or mother, brother or sister, or the issue of such, but having collateral relations both on the paternal and maternal side. *667 The estate of the intestate consisted chiefly of land, derived from her _ father. By a proceeding in the Chancery Court of Knox, in 1844, instituted by the guardian, the land was sold, and the proceeds paid over to the complainant as administrator ; no- appropriation or investment of the fund arising from the sale of the land, having been made by the Court in decreeing the sale. In this state of the case, the complainant brought this bill to obtain the direction of the Chancellor, as to who are, by law, entitled to the above mentioned fund in his hands, whether those representing the real estate, or the representatives of the personal estate of the intestate. The Chancellor decreed the fund to the latter.
By the act of 1827, ch. 54, sec. 3, it is declared to be the duty of the Court decreeing the sale of lands, under the provisions of that act, in case' any of the persons whose land is sold, are minors, “ to direct the manner in which the funds arising therefrom, belonging to such minors, shall be appropriatedand if the Court should deem it expedient, may.. direct that the fund “ be laid out in the purchase . of other lands for said minors.”
The land, in the present instance, was sold, as is alleged, under the provisions of the act of 1827; but the decree made no provision for -reinvesting the fund, nor any disposition whatever in regard .to it.
It is left in the discretion of the Chancellor, as we have seen, to make such disposition of the proceeds of the minor’s lands, as shall seem most beneficial for him. He may direct the money to be laid out in other lands; or, he may suffer it to retain the character of personalty, and require it to be loaned, annually, upon suffi *668 cient security, or to be otherwise safely vested during the infant’s minority.
The omission of the Court, however, to make any provision in regard to the appropriation of the money, cannot, as we suppose, have any influence upon the determination of the question before us. The sale of the land, if a proper case were made within the act of 1827, was proprio vigore, an absolute conversion, notwithstanding the neglect of the Court to provide for the appropriation of the fund. The proceeds of the land thereby became impressed with the character of personalty; and the Court having failed to stamp it with a different character, by directing its investment in other real estate, it must, under the circumstances of this case, remain transmissible, under the statute of distributions, to those who are entitled to it in the former character.
The authorities cited by the defendant’s counsel, are not applicable to this case. It is true, that a Court of Chancery cannot,' by its original inherent jurisdiction, change the nature of an infant’s estate, so as to convert real property into personal, as we have recently held. But this may be done under the act of 1827, in the mode and to the extent therein provided.
Nor is this a case in which the infant is entitled to a day after attaining the age of twenty-one, to show cause against the decree, or to elect whether or not he will be bound by the decree.
As before observed, the sale, if regular, and within the provisions of the. statute, is a conversion out and out, of the real property into personal; and infants are as much bound by it as adults, with this qualification, *669 that after coming of age, the former may impeach it for error apparent on the face of the decree, and perhaps for fraud. See Macpherson on Infants, ch. 25.
There is no error in the decree of the Chancellor, and it will he affirmed.